UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL NO. 5:15-22

UNITED STATES OF AMERICA, PLAINTIFF

v. **OPINION AND ORDER**

AARON LEE RAGLIN, DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on defendant Aaron Lee Raglin's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 223). The motion was referred to a magistrate judge who has recommended that the Court deny the motion and that the Court not issue a Certificate of Appealability. Raglin has filed well-written objections to the magistrate judge's recommendation (DE 251).

Raglin pleaded guilty to conspiring to distribute 500 grams or more of cocaine. By judgment dated December 15, 2015, this Court sentenced him to a prison term of 120 months. (DE 148, Raglin Judgment.) Raglin's § 2255 motion and his objections all center on his argument that the indictment in this case was faulty because it charged him with conspiring to distribute five kilograms or more of cocaine but charged his three co-defendants with conspiring to distribute only 500 grams or more. (DE 34, Superseding Indictment, Count 1.)

Raglin seems to make two arguments as to why this requires that his sentence be vacated. First, Raglin argues that Count 1 of the indictment was "duplicitous" because it

1

actually charged two different crimes: a conspiracy to distribute 5 kilograms or more of cocaine and a conspiracy to distribute 500 grams or more of cocaine. (DE 251, Objections at 5.)

There are a few problems with this argument, First, "an indictment is duplicitous if it sets forth separate and distinct crimes in one count." *United States v. Davis*, 306 F.3d 398, 415 (6th Cir. 2002). The vice of duplicity is that a jury may find a defendant guilty on a count without reaching a unanimous verdict on any particular offense. *United States v. Boyd*, 640 F.3d 657, 665-66 (6th Cir. 2011). The primary concern is that a defendant is deprived of his right to a unanimous jury verdict. *Id*. at 666. Raglin does not argue that Count 1 charges him with two crimes. Instead, he argues that it charges him with a different crime than his co-defendants. This is not an argument that the indictment is duplicitous.

Second, the potential that any jury verdict was not unanimous is not a concern here. Raglin pleaded guilty to the lesser included offense of Count 1 of conspiring to distribute 500 grams or more of cocaine. Thus, there was no jury verdict.

Third, Raglin has waived any right to challenge Count 1 on constitutional grounds by pleading guilty to a lesser-included offense. *United States v. Martinez-Orozco*, 52 F. App'x 790, 792 (6th Cir. 2002). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Raglin argues the indictment did not provide him adequate notice of the conspiracy charge against him. Courts have recognized that this is another danger of a duplicitous charge. *United States v. Berardi*, 675 F.2d 894, 899 (7th Cir. 1982) (citing *United States v. Alsobrook*, 620 F.2d 139, 142 (6th Cir.1980)); *United States v. Blandford*, 33 F.3d 685, 699, n.17 (6th Cir. 1994). Nevertheless, by pleading guilty to a lesser-included offense of Count 1, Raglin has waived any right to bring a claim that he did not have adequate notice of the charge.

Finally, even if Raglin could raise a claim that he did not have adequate notice of the charge against him, the indictment was clear as to the amounts that Raglin was charged with conspiring to distribute. Count 1 charges all the co-codefendants with conspiring to distribute cocaine. In a section titled "Quantity of Cocaine Involved in the Conspiracy," the indictment explicitly asserts that "the amount involved in the conspiracy attributable to [Raglin] as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 kilogram[s] or more, in violation of 21 U.S.C. § 841(b)(1)(A)(ii)." As to the other three defendants, the indictment clearly stated that the amount of cocaine attributable to them was 500 grams or more.

For these reasons, Raglin's argument that his sentence should be vacated because Count 1 of the indictment was duplicitous fails.

Raglin's second argument is what he describes as his "main argument." (DE 251, Objections at 1.) He argues that his sentence for distributing at least 500 grams of cocaine should be set aside because the indictment "never charged 'a conspiracy to distribute 5 kilograms or more of cocaine' at all." (DE 251, Objections at 1.) Raglin

argues that "it makes no sense to hold that the petitioner conspired with 3 defendants to distribute 5 kilograms or more of cocaine, but that those 3 defendants never conspired with the petitioner to distribute 5 kilograms or more . . . ." (DE 251, Objections at 7.)

Again, however, Raglin ultimately pleaded guilty to conspiring to distribute 500 grams or more of cocaine, a lesser included offense of Count 1. His guilty plea to that offense waives any claim that Count 1 of the indictment did not properly charge an offense. *See Martinez-Orozco*, 52 F. App'x at 792; *Tollett v. Henderson*, 411 U.S. at 267. Moreover, Raglin's plea to conspiring to distribute at least 500 grams of cocaine renders irrelevant his argument that Count 1 did not properly charge him with conspiring to distribute at least 5 kilograms of cocaine.

Finally, Count 1 of the indictment is not improper just because it charged Raglin with conspiring to distribute more cocaine than his co-conspirators were charged with. "Generally, a defendant involved in a drug-conspiracy is responsible for the drug quantities for which he is directly involved, and any quantity that is a reasonably foreseeable consequence of the conspiracy." *United States v. Anderson*, 333 F. App'x 17, 25 (6th Cir. 2009) (citing *United States v. Caver*, 470 F.3d 220, 246 (6th Cir.2007)).

The grand jury may receive evidence indicating that one member of a conspiracy had knowledge that would make the conspiracy's ultimate distribution of at least 5 kilograms of cocaine reasonably foreseeable to that defendant. The grand jury may receive evidence indicating that another member of the conspiracy had more limited knowledge, making the conspiracy's distribution of only 500 grams foreseeable to him. In such a case, a grand jury would properly charge the co-conspirators with conspiring to

4

distribute different amounts.

Raglin also argues that he is "actually innocent" of conspiring to distribute 5 kilograms or more of cocaine as charged in Count 1 of the indictment. This argument again relies on the premise that it was improper to charge him with conspiring to distribute more cocaine than his co-defendants. Raglin argues he could not have conspired to distribute at least five kilograms of cocaine with co-defendants who only conspired to distribute 500 grams or more. This argument fails for two reasons.

First, Raglin pleaded guilty not to conspiring to distribute five kilograms or more of cocaine but to conspiring to distribute 500 grams or more, the same amount as his co-defendants. Thus, it is irrelevant if Raglin is actually innocent of conspiring to distribute five kilograms or more. Second, as discussed, it was not improper to charge Raglin with conspiring to distribute more cocaine than his co-defendants.

Raglin argues that the Court should conduct an evidentiary hearing on his motion. The record of this matter conclusively establishes that Raglin is not entitled to any relief under § 2255. Accordingly, no hearing is necessary. 28 U.S.C. § 2255(b).

Raglin also objects to the magistrate judge's determination that he has procedurally defaulted certain claims by failing to raise them on appeal. As Raglin recognizes, however, the magistrate judge went on to address each of his claims on the merits. (DE 239, Recommended Disposition at 5, n.5; DE 251, Objections at 9.) Accordingly, the Court need not address whether the magistrate judge correctly determined that Raglin has procedurally defaulted any claim.

Finally, Raglin argues that the Court should issue a certificate of appealability.

5

The Court declines to do so because, while Raglin has articulated his claims well, he has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255(c)(2).

For all these reasons, the Court hereby ORDERS as follows:

1) The magistrate judge's Recommended Disposition (DE 239) is ADOPTED as the Court's opinion;

2) Raglin's objections (DE 251) are OVERRULED;

3) Raglin's motion (DE 223) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255(c)(2) is DENIED; and

4) The Court will not issue a Certificate of Appealability.

Dated February 11, 2019

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY